## (September 25, 1962)

■ BLANCHE A. SEIFERT, as Executrix of JOSEPH SEIFERT, Deceased, et al., Appellants, v. HAROLD J. McLAUGHLIN, Respondent.— Appeals from an order of Special Term, Supreme Court, Kings County, and an order of Special Term, Supreme Court, Sullivan County; motions by defendant-respondent to dismiss the appeals and to be relieved of the stipulation relating thereto. Plaintiffs appeal from an order entered by the Kings Special Term February 20, 1962 granting a motion staying their application for a summary judgment until defendant completes its examination of plaintiffs before trial. The action was instituted in Kings County, but has been transferred to Sullivan County by order of the Appellate Division, Second Department (15 A D 2d 555). The Appellate Division decision, among other things, affirmed an order, entered while the action was in Kings County, for an examination before trial of plaintiffs directed to be held in Kings County. After the transfer, plaintiffs moved at Special Term in the Third District for summary judgment. The Kings County Special Term stayed this motion until the completion of the examination. Although a motion for such a stay should have been made in the Third District under the rules, the fact the examination before trial was then being held in Kings left some residue of power in the Special Term at Kings to permit the examination to proceed. In any event, appeals from that order were then taken both to the Appellate Division, Second Department and to this court and the former appeal taken in the Second Department was transferred here. Thus we have before us on the merits the question whether the examination before trial should be completed before the motion for summary judgment is heard. An application by plaintiffs to the Sullivan Special Term to vacate the order of February 20 and for certain other relief has been denied by the Special Term and in effect referred to this court. We are of opinion the examination of the plaintiffs before trial should precede the hearing and determination of the plaintiffs' pending motion for summary judgment. The propriety and need for such an examination has been passed upon by the Appellate Division, Second Department, in affirming the order allowing it. The default of plaintiffs upon the examination, which was noted by the court in Kings County, should, however, be vacated in view of the involved nature of the procedural controversy that has arisen. The order of the Sullivan Special Term of April 21, 1962 is modified to direct that the default of plaintiffs on the examination before trial be vacated and as thus modified, affirmed. The order of the Kings County Special Term of February 20, 1962 on the appeal transferred to this court is modified to direct that the examination before trial proceed at the Special Term in Sullivan County

at a time to be fixed in the order of this court; and to direct that defendant promptly proceed with such examination and complete the same on or before November 1, 1962 and thereafter to argue or submit the motion for summary judgment on or before November 15, 1962 or such later time as may be fixed by Special Term; and as thus modified, affirmed, without costs. Settle order. Defendant's motions to dismiss the appeal and to be relieved of the stipulation relating thereto denied, without costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.