## (January 22, 1980)

■ NITEC PAPER CORPORATION, Respondent, v CARBORUNDUM COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 9, 1979, conditionally granting plaintiff's motion to strike the answer, affirmed, without costs. Order, Supreme Court, New York County, entered August 1, 1979, granting plaintiff's motion to strike the answer and ordering an inquest, reversed, on the law, and motion denied without prejudice to plaintiff's right to seek such further relief under CPLR article 31 as is advisable, without costs. Appeal from the order, Supreme Court, New York County, entered October 1, 1979 denying defendant's motion for reargument, dismissed as nonappealable, without costs. In this action, plaintiff Nitec Paper Corporation (Nitec) sues defendant the Carborundum Company (Carborundum) on the theory, *inter alia,* that Carborundum fraudulently induced it to enter into an agreement with Carborundum's subsidiary, Carborundum Environmental Systems Canada, Ltd. (Environmental), for the installation of a "wet scrubber system". Environmental has brought suit

against Nitec in Niagara County for breach of this same agreement. On January 9, 1979, a written stipulation was executed by the attorneys for Nitec, Carborundum and Environmental. This stipulation was later "so ordered" by Justice Kassal. To the extent here relevant, the stipulation provides: "The parties agree that for the purposes of mutual depositions, that there be only one set of examinations which may be used for both actions". Pursuant to that stipulation, Mitec's attorneys conducted an examination of Nasear A. Khan, Environmental's president, on February 28, 1978. During the course of that examination, Environmental's attorneys promised, *inter alia,* to produce certain requested documents. They also agreed to inform Nitec's attorneys whether certain documents existed and where other documents were located. They additionally agreed that names, dates and other relevant information would be provided to Nitec's attorneys. On April 19, 1979, Nitec moved in this proceeding to strike Carborundum's answer for its failure to comply with Justice Kassal's order. In a moving affidavit, counsel for Nitec noted that Carborundum had failed to produce the documents promised at Khan's examination. Carborundum opposed the motion on the ground that sanctions, if any, could only be sought against Environmental in the Niagara action. Special Term rendered the following order, entered May 9, 1979: "Motion is granted and the answer is stricken unless defendant within 45 days after service of a copy of this order with notice of entry, shall serve the documents which it agreed to produce in accordance with the stipulation 'so ordered' and filed herein, and the statement of defendant's counsel at pages 162-4 of the transcript of the deposition, held on February 28, 1978." The stipulation, as "so-ordered", is silent as to whether Nitec could seek sanctions against Carborundum in this action under CPLR 3126 for promises made during Khan's examination. Nonetheless, since Khan's deposition was admissible in both actions, we find that it was within the intent and spirit of the stipulation that sanctions could be sought in both actions for the unfulfilled promises made during Khan's deposition. Therefore, Nitec properly sought sanctions in this proceeding under CPLR 3126 for Carborundum's failure to turn over the promised documents. For this reason, we affirm the order, entered May 9, 1979, but, in affirming, we stress that this order merely directed Carborundum to serve documents. On July 2, 1979, Nitec moved by order to show cause for an inquest and assessment of damages as a result of Carborundum's failure to serve the documents directed by the order, entered May 9, 1979. In opposition, Carborundum's counsel stated that 170 pages of documents had been forwarded to Nitec on the forty-fifth day, June 28, 1979. On the return date of the motion, July 13, 1979, Special Term apparently gave Nitec's attorneys permission to serve a reply affidavit. In the reply affidavit, plaintiff's attorney alleged that Carborundum's documents covered only 5 of the 47 groups of documents promised at Khan's examination. In an order, entered August, 1979, Special Term granted the motion by striking the answer and directing an inquest because Carborundum had failed to provide the required documents. This second motion should have been denied without prejudice to Nitec's right to seek such further relief under CPLR article 31 as was advisable. Nitec's motion to strike the answer could not be granted since Carborundum had made timely compliance with the order, entered May 9, 1979, by serving 170 pages of documents. If Nitec believed that those documents were insufficient or unresponsive, then an independent motion on that ground was required to compel appropriate relief. It was improper for Special Term to strike the answer without (i) even seeing the documentation and (ii) permitting Carborundum a fair opportunity to

submit papers attesting to the sufficiency of that documentation. As was mentioned above, the record indicates that, at Khan's examination, counsel for Carborundum and Environmental only promised to produce a limited number of documents. In many instances, counsel promised to locate or identify documents or supply information. Counsel also promised to deliver a transcript signed by Khan. In its papers, Nitec only requested that documents be supplied. If Carborundum has failed to comply with other portions of the agreement made at Khan's examination, then Nitec should seek appropriate relief under the controlling provisions of the CPLR. Since these matters were not raised at Special Term, we do not consider them at the present time. The third motion, made by Carborundum for renewal, did not present any new or additional facts. Therefore, it will be treated as a motion for reargument. The appeal from the order, entered October 1, 1979 denying that motion for reargument, will be dismissed as nonappealable (*Roberts v Connelly,* 35 AD2d 813). Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.