■ KARL A. WOHLGEMUTH, Appellant, v THOMAS R. LOGAN et al., Defendants, and BOURDEAU BROTHERS, INC., Respondent. —Kane, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered October 28, 1987 in Montgomery County, which, *inter alia,* granted a cross motion by defendant Bourdeau Brothers, Inc., for summary judgment dismissing the complaint against it.

Plaintiff commenced this action against, among others, defendant Bourdeau Brothers, Inc. (hereinafter defendant), seeking payment of certain rents allegedly due and owing to him. Defendant answered and also served a demand for interrogatories on plaintiff. For his part, plaintiff served on defendant a demand for a bill of particulars as well as certain combined discovery demands. Plaintiff submitted his answers to the interrogatories to defendant. However, defendant, dissatisfied

with plaintiff's answers, moved for an order of preclusion. In the motion, defendant also requested a stay of discovery and a protective order with respect to some of plaintiff's discovery demands.

By order dated January 20, 1987, Supreme Court granted a 30-day conditional order of preclusion and required plaintiff to fully respond to defendant's interrogatories. The court also stayed defendant's compliance with plaintiff's discovery demands until 30 days after service by plaintiff of the amplified interrogatories on defendant. As a final matter, the court ordered that two of plaintiff's discovery demands be stricken.

Thereafter, plaintiff served the supplemental interrogatories. They were apparently mailed on February 11, 1987 and received by defendant's attorneys within five days thereafter. Defendant, however, never complied with plaintiff's discovery demands and the 30-day time limit applicable to defendant expired. As a result, plaintiff moved to strike defendant's answer. Defendant cross-moved for summary judgment on the ground that plaintiff's action against it was without merit. Supreme Court denied plaintiff's motion and granted defendant's cross motion. This appeal by plaintiff ensued.

In our view, Supreme Court should not have considered defendant's cross motion before defendant had complied with plaintiff's discovery demands. Defendant now contends that plaintiff's supplemental interrogatories were insufficient and in violation of the initial court order. Therefore, defendant argues that the stay of its having to comply with plaintiff's demands remains in effect. This argument is rejected insofar as defendant did not make this claim prior to plaintiff's motion and never sought any penalty against plaintiff for any alleged failure on plaintiff's part to comply with the conditional order of preclusion.

Furthermore, Supreme Court's initial order passed on the propriety of plaintiff's discovery demands and defendant did not and is not now claiming that the demands are improper. Therefore, plaintiff's discovery demands should have been complied with and should have preceded any determination of defendant's cross motion for summary judgment (see, Seifert v McLaughlin, 17 AD2d 751; see also, Di Miceli v Olcott, 119 AD2d 539).

Thus, Supreme Court should have decided what sanctions to impose on defendant for failing to answer plaintiff's discovery demands within the time frame imposed by the initial order. Plaintiff requested that the court strike defendant's answer.

However, CPLR 3126 requires a willful or contumacious refusal on the part of an adverse party to disclose the requested information before the drastic remedy of striking an answer will be ordered by the courts (see, Bassett v Bando Sangsa Co., 103 AD2d 728; Queens Farms Dairy v Consolidated Edison Co., 63 AD2d 696, 698). Upon the entire record before us, we are not satisfied that defendant's conduct can be termed so willful as to justify such a harsh penalty. Therefore, we grant plaintiff's motion only to the extent of precluding defendant from offering any evidence at the trial of this action relating to plaintiff's discovery demands, unless within 30 days after service of a copy of the order herein with notice of entry defendant complies with the discovery demands.

Order reversed, on the law and the facts, without costs, cross motion dismissed and motion granted to the extent that defendant Bourdeau Brothers, Inc. is directed to serve responses to plaintiff's discovery demands within 30 days after service of a copy of the order to be entered upon this court's decision with notice of entry. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.