■ E.K. CONSTRUCTION Co., INC., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated May 20, 1987, which denied its motion to strike the defendant's answer and counterclaims and for leave to enter a default judgment based upon the defendant's alleged willful failure to comply with a prior order of the same court.

Ordered that the ordered is affirmed, with costs.

We disagree with the plaintiff's contention that Justice Roberto abused his discretion in denying its motion to strike the defendant's answer and counterclaims due to the defendant's alleged failure to comply with Justice Roberto's prior conditional order (see, CPLR 3126). We find that in light of the defendant's assertion that it was unable to amplify its responses to certain interrogatories the court properly permitted the responses to stand. This court has held that the fact that a party is dissatisfied with the answers proffered by another party is an insufficient basis upon which to conclude that the party willfully and contumaciously failed to comply with a court order compelling disclosure (see, Miller v Duffy, 126 AD2d 527, 528). We note that the court in the instant case stated that "[i]n the event that the [defendant], at the trial, attempts to introduce evidence beyond that which is set forth in the responses, the Court shall preclude same".

Under the circumstances of this case we find that the defendant cannot be held responsible for the failure to conduct the examination before trial of engineer Rudolph Bartoldus. In addition we agree with Justice Roberto that the plaintiff should conduct the "long awaited" examination before trial of Bartoldus. In fact, the plaintiff declined to hold this deposition, which was scheduled for March 2, 1987. We agree with Justice Roberto that this action, which was commenced in 1979, should proceed expeditiously to trial.

We have examined the plaintiff's remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.