■ AUTOMATIC MAIL SERVICE, INC., Respondent, v XEROX CORPORATION et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated February 23, 1989, as granted the plaintiff's motion for an unconditional order of preclusion and the imposition of monetary sanctions based upon the defendant's failure to comply with a prior discovery order.

Ordered that the order is reversed insofar as appealed from, with costs, and the plaintiff's motion is denied.

We find that the Supreme Court improvidently exercised its discretion by unconditionally precluding the defendants from offering any evidence at trial with respect to all of the items set forth in the plaintiff's demand for a bill of particulars as well as imposing monetary sanctions.

As a general proposition, a "demanding party should not be granted more relief for nondisclosure than is reasonably necessary to protect legitimate interests" *(Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, 166-167, *cert denied* 469 US 1158; *Gaylord Bros. v RND Co.,* 134 AD2d 848). The record at bar reveals that the defendants substantially complied with the plaintiff's demands for discovery by producing 75 pages of documentation within the 20-day time period prescribed in the court's initial discovery order and by supplying hundreds if not thousands of documents thereafter *(see, Di Lorenzo v Ellison,* 114 AD2d 926; *Jet Asphalt Corp. v Consolidated Edison Co.,* 114 AD2d 489; *Nitec Paper Corp. v Carborundum Co.,* 73 AD2d 881). In view of the foregoing, it cannot be said that the defendants willfully or contumaciously refused to comply with the outstanding discovery order so as to warrant the harsh and extreme sanctions imposed herein *(see also, Bassett v Bando Sangsa Co.,* 103 AD2d 728; *Bohlman v Reichman,* 97 AD2d 426; *Newman v Chartered New England Corp.,* 63 AD2d 617).

We note, moreover, that the plaintiff may not be heard to complain that it was prejudiced by the delay in discovery compliance since the plaintiff waited approximately two years before moving to enforce the terms of the court's initial discovery order *(see, Queens Farms Dairy v Consolidated Edison Co.,* 63 AD2d 696). In any event, as this court has previously noted, "the fact that a party is dissatisfied with the [discovery responses] proffered by another party is an insufficient basis upon which to conclude that the party willfully and contumaciously failed to comply with a court order compelling disclosure" *(E.K. Constr. Co. v Town of N. Hempstead,* 144 AD2d 427; *Miller v Duffy,* 126 AD2d 527; *see also, Wohlgemuth v Logan,* 144 AD2d 160). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.