■ JOSEPH LEVY, an Infant, by His Father and Natural Guardian, KENNETH LEVY, et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF YONKERS, Defendant, and AMERICAN AMBULETTE CORPORATION et al., Appellants. [648 NYS2d 141] —In an action to recover damages for personal injuries, etc., the defendants American Ambulette Corporation and Kenneth Haynes appeal from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), dated December 22, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the injured plaintiff was being driven home from school with other "special education" students in a bus owned by the defendant American Ambulette Corporation (hereinafter American) and driven by the defendant Kenneth Haynes, he was assaulted by one of his classmates. The plaintiffs sued the Board of Education of the City of Yonkers, the bus company,

and the bus driver, alleging that their negligent failure to provide adequate supervision of the children on the bus, and to either prevent or timely terminate the assault, had caused the injuries. Despite four court orders, Haynes, who was no longer employed by American, failed to appear for a deposition. American's investigator located Haynes, but never spoke with him. Notwithstanding these facts, American and Haynes moved for summary judgment. The court denied their motion, and we now affirm.

As Haynes was the only competent adult on the bus when the incident occurred, he is arguably the only person able to testify intelligibly as to what happened. It is well established that "where a party is unable to effectively oppose a motion for summary judgment because the evidence needed is within the exclusive knowledge of the moving party, the court may deny the motion" (Yu v Forero, 184 AD2d 506, 507; see, CPLR 3212 [f]; Classic Moments Co. v Akata, 176 AD2d 567). In addition, a court should not consider the motion for summary judgment of a party who has failed to comply with his opponent's legitimate discovery demands (Wohlgemuth v Logan, 144 AD2d 160).

Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.