■ LORENE C. REYES et al., Respondents, v THE VANDERBILT et al., Appellants. [755 NYS2d 873] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Burke, J.), entered February 9, 2001, which granted the plaintiffs' motion to strike the defendants' answer to the extent of precluding any witness from testifying at trial on their behalf unless such witness appeared for a deposition within a specified time.

Ordered that the order is affirmed, with costs.

The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Patterson v New York City*

*Health & Hosps. Corp.*, 284 AD2d 516 [2001]). However, to invoke the drastic remedy of preclusion, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see* CPLR 3126; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369 [2000]). Under the circumstances, given that the defendants' counsel failed to set forth what efforts, if any, were made to have someone appear on behalf of the defendants for a deposition, the Supreme Court providently exercised its discretion in conditionally precluding the defendants from producing a witness to testify at trial on their behalf (*cf. Cianciolo v Trism Specialized Carriers, supra*). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.