JOSEPH TRAINA, JR., Respondent, v JAMES TAGLIENTI et al., Defendants, and WASTE SERVICES, INC., Now Known as EASTERN WASTE OF NEW YORK, INC., Appellant. [774 NYS2d 391]—

In an action to recover damages for personal injuries, the defendant Waste Services, Inc., now known as Eastern Waste of New York, Inc., appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 20, 2003, which granted the plaintiff's motion to strike its answer for failing to comply with the parties' stipulation regarding court-ordered discovery.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

Actions should be resolved on their merits whenever possible (see Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580 [1993]), and the drastic remedy of striking an answer should not be employed without a showing that the failure to comply with discovery was willful, contumacious, or in bad faith (see Simmons v Pantoja, 306 AD2d 399, 400 [2003]; Bach v City of New York, 304 AD2d 686 [2003]; Byrne v City of New York, 301 AD2d 489, 490 [2003]; cf. Reyes v The Vanderbilt, 303 AD2d 391, 392 [2003]). There was no showing that the appellant's alleged failure, if any, to produce a knowledgeable witness at the deposition was willful, contumacious, or in bad faith. The plaintiff's dissatisfaction with the answers given by the appellant's employee at the examination before trial was an insufficient basis upon which to

conclude that the appellant willfully and contumaciously failed to comply with the stipulation (*see Automatic Mail Serv. v Xerox Corp.,* 156 AD2d 623 [1989]; *E.K. Constr. Co. v Town of N. Hempstead,* 144 AD2d 427 [1988]; *Miller v Duffy,* 126 AD2d 527, 528 [1987]).

Accordingly, the plaintiff's motion should have been denied. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.