■ YVONNE SIMPSON, Respondent, v CITY OF NEW YORK et al., Appellants. [781 NYS2d 683]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated May 30, 2003, as upon reargument, adhered to its prior determination in an order dated March 28, 2003, granting the plaintiff's motion to strike their answer for failure to comply with discovery.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, upon reargument, the motion to strike the answer is denied, and the answer is reinstated.

Actions should be resolved on their merits wherever possible (*see Traina v Taglienti*, 6 AD3d 524 [2004]; *Bach v City of New York*, 304 AD2d 686 [2003]), and the drastic remedy of striking a pleading should not be employed absent a clear showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith (*see Mendez v City of New York*, 7 AD3d 766 [2004]; *Traina v Taglienti, supra; Bach v City of New York, supra; Byrne v City of New York*, 301 AD2d 489, 490 [2003]).

Here, the Supreme Court's determination to strike the defendants' answer was based primarily upon their failure to disclose certain documents which were within the scope of the plaintiff's notice for discovery and inspection. However, the defendants substantially complied with the document demand, and the plaintiff never objected to the failure to produce the additional documents at issue. Moreover, the plaintiff's prior motions to strike the defendants' answer were not predicated upon the failure to provide the subject documents, and the plaintiff did not indicate that discovery of the documents at issue was outstanding when she filed her note of issue and certificate of readiness. Under these circumstances, the plaintiff waived any claim regarding noncompliance with the document demand contained in her notice for discovery and inspection (*see Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]; *Brown v Veterans*

*Trans. Co.*, 170 AD2d 638, 639 [1991]). We further note that the defendants complied with a conditional order of preclusion dated October 16, 2002, by disclosing the witness statements in their possession, providing affidavits attesting to their inability to locate additional statements, and producing a witness to be deposed. Although the plaintiff was dissatisfied with the witness produced, "[a] municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for an examination before trial" (*Pomilio-Young v City of New York*, 7 AD3d 600 [2004]), and the defendants voluntarily agreed to produce additional witnesses for further depositions. Accordingly, there was no showing of willful, contumacious, or bad faith conduct which warranted striking the defendants' answer. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.