■ WARNER JENKINS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [788 NYS2d 117]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 10, 2004, as granted their motion to strike the defendants' answer only to the extent of directing a further examination before trial and awarding an attorney's fee and costs.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that actions should be resolved on their merits whenever possible, and that the drastic remedy of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (*see Simpson v City of New York,* 10 AD3d 601 [2004]; *Morano v Westchester Paving & Sealing Corp.,* 7 AD3d 495 [2004]; *Traina v Taglienti,* 6 AD3d 524 [2004]; *181 S. Franklin Assoc. v Y & R Assoc.,* 6 AD3d 594 [2004]; *Byrne v City of New York,* 301 AD2d 489 [2003]). The Supreme Court is vested with broad discretion in supervising disclosure, and its determination that the sanction of dismissal is not warranted will not be disturbed absent an improvident exercise of that

discretion (*see Byrne v City of New York, supra; Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]). Under the circumstances of this case, there was no clear showing that the defendants' failure to fully comply with discovery demands was willful and contumacious. Accordingly, the Supreme Court providently exercised its discretion in determining that the drastic remedy of striking the defendants' answer was not warranted at this juncture, and that the defendants should be afforded an additional opportunity to comply (*see Rivera v Yeshiva & Kollel Harbotzas Torah*, 10 AD3d 715 [2004]; *Umans v Tomfar Transp.*, 9 AD3d 405 [2004]; *181 S. Franklin Assoc. v Y & R Assoc., supra; Byrne v City of New York, supra*). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.