■ RODRIGO CALLE, Appellant, v ROBERT CHAMPEAU, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [790 NYS2d 889]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated June 8, 2004, as granted his separate cross motions to strike the answers of the defendants Robert Champeau, Inc., and Robert R. Champeau, only to the extent of directing those defen-

dants to provide outstanding discovery demanded by him and awarding an attorney's fee and costs.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (*see Jenkins v City of New York,* 13 AD3d 342 [2004]; *Morano v Westchester Paving & Sealing Corp.,* 7 AD3d 495, 496 [2004]; *181 S. Franklin Assoc. v Y & R Assoc.,* 6 AD3d 594, 595 [2004]; *Traina v Taglienti,* 6 AD3d 524 [2004]). Here, the Supreme Court providently exercised its discretion in determining that the drastic remedy of striking the answers of the defendants Robert Champeau, Inc., and Robert R. Champeau, was not warranted (*see Jenkins v City of New York, supra* at 343). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.