■ HERMIONE DuMORNE et al., Appellants, v CARL KEMEL-PIERRE et al., Respondents, et al., Defendants. [797 NYS2d 527]— In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), entered November 18, 2003, which, upon an order of the same court dated September 12, 2003, among other things, in effect, granting the respective motions of the defendant Carl Kemel-Pierre and the defendants Matthew Ackert and Saint Johns Queens Hospital Division of Catholic Medical Center of Brooklyn & Queens, Inc., for summary judgment dismissing the complaint insofar as asserted against them and denying the cross motion of the plaintiffs for leave to renew or reargue the motion of the defendants Matthew Ackert and Saint Johns Queens Hospital Division of Catholic Medical Center of Brooklyn & Queens, Inc., and the separate motion of the defendant Carl Kemel-Pierre to preclude the plaintiffs from calling expert witnesses, which were determined in an order of the same court dated September 11, 2003, is in favor of the defendants Carl Kemel-Pierre, Matthew Ackert, and Saint Johns Queens Hospital Division of Catholic Medical Center of Brooklyn & Queens, Inc., dismissing the complaint insofar as asserted against them.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the cross motion is granted, upon reargument, the motions to preclude the plaintiffs from calling expert witnesses are denied on condition that the law firm of Doniger & Engstrand, LLP, pay a sanction in the total amount of $3,000 to the respondents' attorneys, and the orders dated September 11, 2003, and September 12, 2003, are modified accordingly; and it is further,

Ordered that the law firm of Doniger & Engstrand, LLP shall comply with the above provision on or before August 1, 2005.

Under the circumstances presented herein, imposition of the sanction of preclusion of expert testimony was too extreme a penalty (*see Calle v Robert Champeau, Inc.*, 16 AD3d 535 [2005]; *cf. Rowell v Joyce,* 10 AD3d 601 [2004]). However, a sanction in the total amount of $3,000 payable by the plaintiffs' attorney to the respondents' attorneys was appropriate. Therefore, the granting of summary judgment predicated on the preclusion of expert testimony was improper. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.