■ PAMELA BRANDES, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL, Respondent, et al., Defendants. [803 NYS2d 204]—In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated July 22, 2004, as denied that branch of her motion which was to strike the answer of the defendant North Shore University Hospital for failing to comply with court-ordered discovery.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendant North Shore University Hospital.

"It is well settled that actions should be resolved on their merits whenever possible, and that the drastic remedy of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Jenkins v City of New York,* 13 AD3d 342 [2004]; see *Joseph v Roller Castle,* 100 AD2d 839 [1984]). "The Supreme Court is vested with broad discretion in supervising disclosure, and its determination that the sanction of dismissal is not warranted will not be disturbed absent an improvident exercise of that discretion" (*Jenkins v City of New York, supra* at 342-343).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the drastic remedy of striking the answer of the defendant North Shore University Hospital was not warranted (see *Jenkins v*

*City of New York, id.; Selamaj v City of New York,* 257 AD2d 616 [1999]). Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.