■ JEANINE JEAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [814 NYS2d 707]—

In an action, inter alia, to recover damages for alleged deprivation of civil rights pursuant to 42 USC § 1983, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Jacobson, J.), dated August 4, 2004, which granted their motion to strike the defendants' answer only to the extent of directing the defendants to comply with certain discovery requests, and (2), as limited by their brief, from so much of an order of the same court dated April 12, 2005, as denied their subsequent motion to strike the answer.

Ordered that the order dated August 4, 2004 is affirmed; and it is further,

Ordered that the order dated April 12, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The orders appealed from arose in the context of an action by the plaintiffs asserting that, in the execution of a "no knock" search warrant of their residence, the defendants deprived them of their civil rights. The search warrant was premised on information provided to the police by a confidential informant. During discovery, the plaintiffs sought information about, among other things, the confidential informant's criminal convictions. In its order dated August 4, 2004 the Supreme Court granted the plaintiffs' motion to strike the answer for failure to comply with discovery requests only to the extent of directing the defendants to respond to a question posed to the defendant Police Officer David Ortiz at his deposition relating to the criminal

convictions. Specifically, the court ordered Ortiz to answer "whether the confidential informant has ever been convicted of any crime either prior to or subsequent to May 7, 1998," the date of the alleged civil rights violation.

Subsequent thereto, the defendants provided the plaintiffs with the dates of the confidential informant's prior convictions. The plaintiffs asserted, however, that, under the order dated August 4, 2004, the defendants were required to provide not merely the dates of the confidential informant's convictions but also the bases for the convictions. In its order dated April 12, 2005 the Supreme Court held that, contrary to the plaintiffs' contention, the defendants had complied with their duties under the earlier order and, accordingly, denied the plaintiffs' subsequent motion to strike the answer.

"It is well settled that actions should be resolved on their merits whenever possible, and that the drastic remedy of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious . . . The Supreme Court is vested with broad discretion in supervising disclosure, and its determination that the sanction of dismissal is not warranted will not be disturbed absent an improvident exercise of that discretion" (*Jenkins v City of New York,* 13 AD3d 342, 342-343 [2004]).

The Supreme Court providently exercised its discretion in not striking the answer and, accordingly, we will not disturb its determination. Schmidt, J.P., Santucci, Rivera and Dillon, JJ., concur.