■ JOHN NIEVES, JR., Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. SLATTERY ASSOCIATES, INC., Nonparty Defendant. [826 NYS2d 647]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Solomon, J.) dated November 3, 2004 as denied that branch of his motion pursuant to CPLR 3126 which was to strike the answer of the defendant City of New York for failing to comply with five orders directing discovery compliance, (2) so much of an order of the same court dated May 11, 2005 as denied that branch of his motion which was to strike the answer of the defendant City of New York for failing to comply with an additional order directing discovery compliance, and (3) so much of an order of the same court dated October 19, 2005 as denied that branch of his motion which was to compel discovery.

Ordered that the orders are affirmed insofar as appealed from, with costs.

The drastic remedy of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (*see Jenkins v City of New York,* 13 AD3d 342 [2004]; *Simpson v City of New York,* 10 AD3d 601, 603 [2004]; *Decavallas v Pappantoniou,* 300 AD2d 617, 618 [2002]; *Mohammed v 919 Park Place Owners Corp.,* 245 AD2d 351, 352 [1997]). The Supreme Court is vested with broad discretion in supervising disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion (*see Jenkins v City of New York, supra* at 342; *Riley v ISS Intl. Serv. Sys.,* 304 AD2d 637 [2003]; *Decavallas v Pappantoniou, supra; Patterson v Greater N.Y. Corp. of Seventh Day Adventists,* 284 AD2d 382, 383 [2001]). Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motions which were to strike the answer of the defendant City of New York since there was no clear showing that the City's conduct, including its late disclosure of certain arterial highway maintenance records, was willful and contumacious (*see Mawson v Historic Props., LLC,* 30 AD3d 480 [2006]; *Lombardo v St. Francis Hosp. Rehabilitation Servs.,* 16 AD3d 385, 386 [2005]; *Carella v Reilly & Assoc.,* 297 AD2d 326, 327 [2002]).

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.