OPINION OF THE COURT
Memorandum.
Judgment, insofar as appealed from, reversed without costs, complaint reinstated against Barbara Iarrobind, and matter remanded to the court below for a new trial.
In this action commenced in August 2004, the finance lease agreement dated October 19, 2001, executed by the corporate defendant and guaranteed by the individual defendant, contained a forum selection clause designating Massachusetts as the forum where any disputes arising from the agreement must be litigated. The corporate defendant defaulted in this action. The individual defendant did not seek a dismissal on the ground of forum non conveniens pursuant to CPLR 327 and/or enforcement of the forum selection clause. On May 29, 2003, in an unrelated matter, plaintiff entered into a stipulated final judgment and order in a federal court action brought by the Federal Trade Commission wherein plaintiff was, inter alia, “permanently restrained and enjoined from instituting collection suits against customers in a forum other than the county where the customer *3 resides at the commencement of the action.” It is undisputed that the subject lease was the type of lease, and the individual defendant the type of customer, described in the federal court stipulated final judgment and order. After trial, the court below dismissed the complaint against the individual defendant on the ground that plaintiff failed to disclose the stipulated final judgment and order pursuant to an oral order directing discovery.
The court’s dismissal of the complaint pursuant to CPLR 3126, after trial, on the ground that plaintiff failed to disclose to defendant the aforementioned stipulated final judgment and order was an improvident exercise of the court’s discretion since defendant did not move to strike the complaint for noncompliance with a discovery order (see Simpson v City of New York, 10 AD3d 601 [2004]). In any event, actions should be decided on the merits whenever possible (see id. at 602; Traina v Taglienti, 6 AD3d 524 [2004]; see generally Nieves v City of New York, 35 AD3d 557 [2006]), and the drastic remedy of dismissing the complaint should not be employed absent a clear showing that the failure to comply with an order to disclose documents was willful, contumacious, or in bad faith (see Simpson, 10 AD3d at 602; Traina, 6 AD3d at 524). There is nothing contained in the record establishing that plaintiffs failure to disclose the stipulated final judgment and order prior to trial was willful, contumacious, or in bad faith.
Although forum selection clauses are prima facie valid and enforceable, neither party is seeking to enforce it. It is well settled that parties to a contract may waive contractual clauses (see generally 22A NY Jur 2d, Contracts § 376).
Finally, while this court has the power, it declines under the circumstances in this case to make findings of fact (see generally Reed v Hudson, 7 Misc 3d 136[A], 2005 NY Slip Op 50787[U] [App Term, 2d & 11th Jud Dists 2005]). Accordingly, the judgment dismissing the action must be reversed, and the matter remanded to the court below for a new trial.
McCabe, J.E, Tanenbaum and Lippman, JJ., concur.