■ MARINO MAZZEI, Respondent, v ANTONIO LICCIARDI, Defendant, and ADELE LICCIARDI, Appellant. [849 NYS2d 181]—In an action to foreclose a mortgage, the defendant Adele Licciardi appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated October 14, 2005, as granted those branches of the plaintiff's motion which were to strike the answer insofar as asserted by her and for summary judgment on the complaint insofar as asserted against her, and denied her cross motion for leave to serve an amended answer.

■ MARINO MAZZEI, Appellant, v ANTONIO LICCIARDI, Defendant, and ADELE LICCIARDI, Respondent. [849 NYS2d 180]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditsky, J.), dated June 21, 2006, which, inter alia, granted the motion of the defendant Adele Licciardi for leave to reargue those branches of the plaintiff's motion which were to strike the answer by that defendant and for summary judgment on the complaint insofar as asserted against that defendant, and the prior cross motion of that defendant for leave to serve an amended answer, which were determined in an order of the same court dated October 14, 2005, and, upon reargument, among other things, vacated the order dated October 14, 2005, granted the cross motion of that defendant for leave to serve an amended answer, and granted further discovery.

Ordered that the order is affirmed, with costs.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (*Carrillo v PM Realty Group,* 16 AD3d 611 [2005]; *see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.,* 36 AD3d 653, 654 [2007]). Contrary to the plaintiff's contention, the court providently exercised its discretion in granting the motion for leave to reargue.

Upon reargument, the court properly vacated the order dated

October 14, 2005, and, inter alia, granted further discovery (*see* CPLR 3212 [f]; *Levy v Board of Educ. of City of Yonkers,* 232 AD2d 377, 378 [1996]; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 792-793 [1988]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.