*805 The Supreme Court should not have granted that branch of the plaintiffs’ motion which was pursuant to CPLR 3126 to strike the answer of the defendants 100 Corp., 201 Builders Corp., and Menashe Shlomo (hereinafter collectively the appellants). Contrary to the Supreme Court’s determination, the record demonstrates that the appellants complied with a conditional order of preclusion dated July 15, 2009, by serving a bill of particulars and responsive documents, and by producing the appellant Menashe Shlomo, who is an officer of both corporate appellants, for a deposition. Although the plaintiffs claimed in support of their motion that the appellants had failed to provide documents in compliance with the conditional order of preclusion, they did not identify any specific document that had not yet been provided. Furthermore, the appellants did not violate the conditional order of preclusion by failing to produce the defendants Tomer Antebi and Gad Ashori for depositions. The plaintiffs’ complaint does not allege that Antebi and Ashori were employed by the appellants, and the appellants’ answer was not served on behalf of these individuals, who have never appeared in this action. Under these circumstances, there is no basis for holding the appellants responsible for producing Antebi and Ashori for depositions. Since the plaintiffs failed to show that the appellants violated the conditional order of preclusion or otherwise willfully and contumaciously failed to comply with discovery, the drastic sanction of striking the appellants’ answer was unwarranted (see Caval v City of New York, 89 AD3d 885 [2011]; McGroarty v Long Is. Coll. Hosp., 37 AD3d 431 [2007]; Bivona v Trump Mar. Casino Hotel Resort, 11 AD3d 574, 575 [2004]; see also Chong v Chaparro, 94 AD3d 800 [2012]; LOP Dev., LLC v ZHL Group, Inc., 78 AD3d 1020 [2010]; Sullivan v Nigro, 48 AD3d 454 [2008]; Morano v Westchester Paving & Sealing Corp., 7 AD3d 495, 496 [2004]). Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.