Roel v Hsu (2020 NY Slip Op 04336)





Roel v Hsu


2020 NY Slip Op 04336


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-13365
 (Index No. 709652/17)

[*1]Manuel Roel, etc., respondent,
v
Joe Hsu, et al., appellants, et al., defendants.


Jack L. Glasser, P.C., Jamaica, NY, for appellants.
Robert D. Werth, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Joe Hsu, Esther Hsu, Roel & Hsu Corp., CHRL Realty Corp., and 190-15 48th Avenue Corp. appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 31, 2019. The order, insofar as appealed from, denied, without prejudice, those defendants' motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them or, in the alternative, to preclude evidence based upon the plaintiff's failure to comply with orders directing him to respond to interrogatories.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants Joe Hsu, Esther Hsu, Roel & Hsu Corp., CHRL Realty Corp., and 190-15 48th Avenue Corp. (hereinafter collectively the defendants) served a set of 102 numbered interrogatories dated October 5, 2017. In a response dated January 3, 2018, the plaintiff raised an objection regarding the length and scope of the set of interrogatories. In an order dated February 6, 2018, that objection was sustained, and the Supreme Court, among other things, granted leave to the defendants to re-serve no more than 25 interrogatories. However, the defendants' second set of interrogatories included 50 numbered interrogatories.
After the plaintiff and the defendants agreed to extend their time to respond to discovery demands, in an order dated May 17, 2018, the Supreme Court directed the plaintiff and the defendants to exchange discovery simultaneously by June 17, 2018. After the defendants failed to provide discovery, the plaintiff served a response dated July 13, 2018, objecting to the defendants' second set of 50 numbered interrogatories. In an order entered November 5, 2018, the court, inter alia, directed the plaintiff to provide a separate response to each of the 50 interrogatories within 30 days, which deadline was subsequently extended to March 29, 2019. The plaintiff served a response dated March 29, 2019, containing separate answers and objections to each of the 50 interrogatories propounded by the defendants.
By notice of motion dated April 23, 2019, the defendants moved pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them or, in the alternative, to preclude the plaintiff from offering evidence at trial with respect to the information that was sought in the [*2]interrogatories which had not been answered, based on his failure to comply with the orders directing him to respond to the interrogatories. The plaintiff, inter alia, opposed the defendants' motion. In an order entered October 31, 2019, the Supreme Court, among other things, denied the defendants' motion without prejudice to raising objections to the plaintiff's responses at the next compliance conference. The defendants appeal.
Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Williams v Suttle, 168 AD3d 792, 793; Morales v Zherka, 140 AD3d 836, 836-837; Isaacs v Isaacs, 71 AD3d 951, 952). The Supreme Court providently exercised its discretion in denying the defendants' motion without prejudice. The record reveals that the plaintiff substantially complied with the court's orders to respond to the defendants' second set of interrogatories by providing separate full answers and objections with reasonable particularity to each of the 50 questions (see CPLR 3133[a], [b]; Pesce v Fernandez, 144 AD3d 653, 654; Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; Delarosa v Besser Co., 86 AD3d 588, 589). The defendants' dissatisfaction with the answers and objections proffered by the plaintiff was insufficient to establish that the plaintiff willfully and contumaciously failed to comply with court-ordered disclosure (see Automatic Mail Serv. v Xerox Corp., 156 AD2d 623, 624; E.K. Constr. Co. v Town of N. Hempstead, 144 AD2d 427; Miller v Duffy, 126 AD2d 527, 528). Accordingly, we affirm the order insofar as appealed from.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court