Siradze v AVB 1865 Broadway, LLC (2022 NY Slip Op 04925)

Siradze v AVB 1865 Broadway, LLC

2022 NY Slip Op 04925

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-00175
 (Index No. 515262/19)

[*1]Tariel Siradze, respondent, 
v
AVB 1865 Broadway, LLC, et al., appellants.

Ropers Majeski, P.C., New York, NY (Kirsten L. Molloy of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 15, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from testifying or offering any evidence at trial.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from testifying or offering any evidence at trial is denied.
The plaintiff commenced this action to recover damages for personal injuries. In an order dated October 22, 2020, the Supreme Court, inter alia, directed the defendants to respond to outstanding discovery demands and provide court-ordered discovery no later than November 23, 2020, or be precluded from testifying or offering any evidence at trial (hereinafter the conditional order). Thereafter, the defendants moved by order to show cause dated November 19, 2020, to extend their time to provide documents in response to the plaintiff's notice for discovery and inspection pursuant to the conditional order. On November 23, 2020, the defendants served a response to the plaintiff's notice for discovery and inspection. By notice of motion dated November 25, 2020, the plaintiff moved pursuant to CPLR 3126, inter alia, to preclude the defendants from testifying or offering any evidence at trial for failing to comply with, among other things, the conditional order. In an order dated December 15, 2020, the court denied the defendants' motion and granted that branch of the plaintiff's motion. The defendants appeal from so much of the order as granted that branch of the plaintiff's motion.
A conditional order of preclusion requires a party to provide specified discovery by a date certain or face the sanctions specified in the order (see Fortino v Wheels, Inc., 204 AD3d 756; Torres v Dayton Hudson Corp., 171 AD3d 827, 828). "'With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82, quoting Siegel, NY Prac § 367 [6th ed]; see Felice v Metropolitan Diagnostic Imaging Group, LLC, 170 AD3d 960, 962). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Goldberg v Breth, 189 AD3d 1368, 1370; see Fortino v Wheels, Inc., 204 AD3d 756). [*2]"[T]he burden of establishing noncompliance rests with the party seeking preclusion" (Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 840; see Deer Park Assoc. v Town of Babylon, 121 AD3d 738, 740).
Here, the record demonstrates that the defendants timely and substantially complied with the conditional order, and therefore, the conditional order never became absolute (see Then v New York City Tr. Auth., 99 AD3d 986; Pierre v 100 Corp., 97 AD3d 804, 805; McGroarty v Long Is. Coll. Hosp., 37 AD3d 431). Since the plaintiff failed to show that the defendants violated the conditional order, the drastic sanction of precluding the defendants from testifying or offering any evidence at trial was unwarranted (see Pierre v 100 Corp., 97 AD3d at 805). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from testifying or offering any evidence at trial.
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court