White v Bical Dev., Inc. (2024 NY Slip Op 03778)

White v Bical Dev., Inc.

2024 NY Slip Op 03778

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-06518
 (Index No. 523584/17)

[*1]Michael White, appellant, 
v
Bical Development, Inc., respondents (and a third-party action).

The Hamel Law Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Jillian Rosen], of counsel), for appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Gary E. Dvoskin of counsel), for respondent Bical Development, Inc.
Eric D. Feldman, New York, NY (Evy L. Kazansky of counsel), for respondents Kristal Automall and Redcom Design & Construction, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 23, 2022. The order granted the separate motions of the defendant Bical Development, Inc., and the defendants Kristal Automall and Redcom Design & Construction, LLC, in effect, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendant Bical Development, Inc., and the defendants Kristal Automall and Redcom Design & Construction, LLC, in effect, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them are denied.
In December 2017, the plaintiff commenced this action against the defendants Bical Development, Inc. (hereinafter Bical), Kristal Automall, and Redcom Design & Construction, LLC (hereinafter Redcom), to recover damages for personal injuries he alleged that he sustained when he fell from a ladder while working at Bical's property. Bical moved, and Kristal Automall and Redcom separately moved, in effect, pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them on the ground that the plaintiff failed to comply with an order dated March 10, 2022, that directed the plaintiff to provide certain discovery or be precluded from offering any evidence at trial (hereinafter the conditional order).
In support of their separate motions, the defendants each contended that the plaintiff had not provided the outstanding discovery in compliance with the conditional order directing the plaintiff to produce certain digital photographs with intact metadata and information regarding different social security numbers used by the plaintiff. In opposition, the plaintiff argued that he fully complied with the conditional order, that the defendants made no showing that he willfully or contumaciously refused to comply with discovery demands, and that there was no basis to strike the complaint. In an order dated June 23, 2022, the Supreme Court granted the defendants' separate [*2]motions. We reverse.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; see Rangel v Target Corp., 216 AD3d 683, 685). "When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute" (Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 840; see Sokolnik v Voronova, 221 AD3d 1036). "However, the burden of establishing noncompliance rests with the party seeking preclusion" (Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d at 840).
Here, the record demonstrates that the plaintiff timely and substantially complied with the conditional order directing that he produce certain discovery, and therefore, the conditional order never became absolute (see Siradze v AVB 1865 Broadway, LLC, 208 AD3d 607). The defendants' contention that the metadata was altered and manufactured for the digital photographs was unsupported by the record and, in any event, was rebutted by the opinion of the plaintiff's expert in an affidavit submitted in opposition to the defendants' separate motions. The expert opined that there was no evidence that the files containing the digital photographs were altered or manipulated by the plaintiff's attorney and further stated that the original photographs and email were available upon request. Further, the defendants' dissatisfaction with the plaintiff's response to the conditional order was insufficient to establish that the plaintiff willfully and contumaciously failed to comply with court-ordered discovery (see Roel v Hsu, 185 AD3d 1077; Automatic Mail Serv. v Xerox Corp., 156 AD2d 623, 624).
Since the defendants failed to show that the plaintiff violated the conditional order, the drastic remedy of precluding the plaintiff from offering any evidence at trial and striking the complaint was unwarranted (see Siradze v AVB 1895 Broadway, LLC, 208 AD3d 607).
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court