Zensky v Clipper Equity, LLC (2025 NY Slip Op 04598)

Zensky v Clipper Equity, LLC

2025 NY Slip Op 04598

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06880
 (Index No. 501973/19)

[*1]Andrew Zensky, appellant,
v
Clipper Equity, LLC, et al., respondents, et al., defendants.

Law Offices of Michael H. Joseph, PLLC, White Plains, NY (Clifford S. Nelson of counsel), for appellant.
Alan B. Brill & Associates, LLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Nicholas S. Bruno, and Ross Frischa], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 29, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer and counterclaim of the defendants Clipper Equity, LLC, Brewster 2016, LLC, Roben Mashivev, Avi Klugmann, and Isabella Nguyen.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for conversion. The defendants Clipper Equity, LLC, Brewster 2016, LLC, Roben Mashivev, Avi Klugmann, and Isabella Nguyen (hereinafter collectively the defendants) interposed an answer with a counterclaim. After certain discovery orders were issued and discovery took place, the plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendants' answer and counterclaim as a discovery sanction. By order dated July 29, 2022, the Supreme Court, inter alia, denied that branch of the motion. The plaintiff appeals.
The Supreme Court has discretion in supervising disclosure and in resolving discovery disputes (see Lopez v Maggies Paratransit Corp., 210 AD3d 1066, 1067; Roel v Hsu, 185 AD3d 1077, 1078). Since public policy strongly favors the resolution of actions on the merits, the drastic remedy of dismissal of a complaint is not warranted unless there is a clear showing that a party's failure to comply with discovery demands or orders was willful and contumacious (see CPLR 3126; Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d 1270, 1271; Lopez v Maggies Paratransit Corp., 210 AD3d at 1067). A party's mere dissatisfaction with the discovery proffered by the opposing party is insufficient to establish that the opposing party willfully and contumaciously failed to comply with court-ordered disclosure (see Roel v Hsu, 185 AD3d at 1078; Holand v Cascino, 122 AD3d 575, 576).
Here, the plaintiff's dissatisfaction with the responses and objections proffered by the defendants was insufficient to establish that the defendants willfully and contumaciously failed to comply with discovery (see Roel v Hsu, 185 AD3d at 1078). Thus, the Supreme Court providently denied that branch of the plaintiff's motion which was to strike the defendants' answer and counterclaim for their alleged willful and contumacious failure to comply with discovery.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.

2022-06880 DECISION & ORDER ON MOTION
Andrew Zensky, appellant,
v Clipper Equity, LLC, et al., respondents, et al.,
defendants.
(Index No. 501973/19)

Appeal from an order of the Supreme Court, Kings County, dated July 29, 2022. Cross-motion by the respondents to strike the reply brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated October 30, 2024, the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross-motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the cross-motion is granted to the extent that the portion of the appellant's reply brief starting at the last paragraph on page five, beginning with the words "Defendants' Brief cites," and ending at the end of the first line on page seven, which concludes with the words "time looking, correct," is stricken and has not been considered in the determination of the appeal.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court