■ CRAIG MINES et al., Appellants, v AMERICAN HONDA MOTORS CO., INC., et al., Respondents. [761 NYS2d 24] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 25, 2002, which, in a products liability action, granted defendants' motion to dismiss the complaint pursuant to CPLR 3126, unanimously affirmed, without costs.

Plaintiffs claim that the sensors controlling the subject vehicle's safety restraint system caused the air bags to deploy "during undercarriage contact" involving an "impact far less than that referred to in the owner's manual," resulting in injury. A prior order conditionally precluded plaintiffs from introducing evidence to support this claim unless they supplemented their answers to defendants' interrogatories so as to particularize the defect in design or manufacture. That conditional order, which was granted on default after several adjournments, was preceded by a preliminary conference order and at least three compliance conference orders also directing such particularization. Even though the last two compliance conference orders were issued after defendants had responded to plaintiffs' notice to produce, plaintiffs, opposing final preclusion, asserted that their expert could not say what went wrong with the air bag system without certain diagnostic computer codes that defendants never produced although promised by their attorney. There is no indication of any such promise, nor of any formal disclosure notice specifying the codes. It further appears that plaintiffs' expert had advised plaintiffs' counsel of his need for the codes very early on, well before the first compliance conference order and plaintiffs' service of their notice to produce. Plaintiffs offer no excuse for this unreasonable delay in demanding specifically identified materials supposedly necessary to the particularization of their claim directed in numerous court orders, a delay that has frustrated defendants' preparation of a defense and the disclosure process itself. Accordingly, preclusion was properly granted (CPLR 3126 [2]; see Zletz v Wetanson, 67 NY2d 711 [1986]; Pimental v City of New York, 246 AD2d 467, 468 [1998]). Dismissal was also properly granted since plaintiffs' allegations do not permit an inference that only a product defect could have caused the air bags to inflate (compare Peerless Ins. Co. v Ford Motor Co., 246 AD2d 949 [1998], citing, inter alia, Caprara v Chrysler Corp., 52 NY2d 114, 123 [1981], with Rosa v General Motors Corp., 226 AD2d 213, 214 [1996]). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Williams, JJ.