■ Rachel J. Henry et al., Appellants, v Advance Process Supply Company et al., Respondents. (And a Third-Party Action.) [782 NYS2d 769]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated September 3, 2003, which, in effect, denied that branch of their motion which was to vacate so much of an order of the same court dated May 28, 2003, as upon a determination that the defendant Advance Process Supply Company complied with a conditional order of preclusion dated April 8, 2003, in effect, denied those branches of their motion which were to strike the defendants' answer and to disqualify Sedgwick, Detert, Moran & Arnold from representing the defendants.

Ordered that the order is affirmed, without costs or disbursements.

In its order dated May 28, 2003, the Supreme Court correctly determined that the defendant Advance Process Supply Company had complied with a conditional order of preclusion dated April 8, 2003 (see Bach v City of New York, 304 AD2d 686 [2003]; Vasile v Chisena, 272 AD2d 610 [2000]). The plaintiffs did not advance a meritorious contention to the contrary. Accordingly, the Supreme Court correctly denied that branch of the plaintiffs' motion which was to vacate so much of the order dated May 28, 2003, as upon the foregoing determination, in effect, denied that branch of their motion which was to strike the defendants' answer.

In addition, there is no merit to the plaintiffs' contention that the law firm representing the defendants should have been disqualified on the ground that it might be called upon to produce a witness to testify regarding any legal fees paid by the defendants in defense of this action. A lawyer may give testimony which relates solely to the nature and value of legal services rendered to the client by the lawyer or the firm (see Code of Professional Responsibility DR 5-102 [a] [3] [22 NYCRR 1200.21 (a) (3)]). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.