(January 11, 2005)

■ Liliane Unanue, Appellant, v Ira Leon Rennert et al., Respondents, et al., Defendant. [787 NYS2d 314]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 13, 2003, which, to the extent appealed from as limited by the briefs, granted defendants' motion and cross motions to dismiss the complaint pursuant to CPLR 3126 (3) for failure to comply with a prior court order directing that plaintiff furnish her post office and residence addresses, unanimously reversed, without costs, on the law, the facts and in the exercise of discretion, the complaint reinstated as against all defendants except as to defendant Vigilante, and the complaint dismissed

as against Vigilante unless plaintiff provides a verified statement pursuant to CPLR 3118 and consents to accept service of a trial subpoena within 20 days of service of a copy of this order with notice of entry.

Plaintiff commenced this action in 1995, alleging that in early 1994 her upstairs co-op neighbors had hired contractors to install a new air conditioning system, that the work was performed negligently, and that plaintiff's apartment and personal property were damaged by water. By notice, defendant Vigilante demanded plaintiff's post office and residence addresses pursuant to CPLR 3118. Despite a further demand by Vigilante and an order by the IAS court, plaintiff refused to comply. Ultimately, defendant Vigilante moved, and other defendants cross-moved, to dismiss the complaint for failure to comply with Vigilante's CPLR 3118 demand. Plaintiff's arguments that a CPLR 3118 demand must meet a particularized relevancy test and that Vigilante intends to misuse such information are either specious or unsupported by the evidence. Plaintiff's submission of a letter, late in 2003, providing post office and residence addresses in Spain, was inadequate, since the information was not contained in a verified statement, as required by the statute. Nevertheless, dismissal, even as to defendant Vigilante, which served the demand, was unduly harsh, since the discovery noncompliance related to a single order, the information sought did not go to the essence of Vigilante's ability to present its position at trial, and plaintiff sought to cure the noncompliance. Concur—Buckley, P.J., Saxe, Sullivan, Nardelli and Gonzalez, JJ.