■ JAMES J. SUTO et al., Appellants, v FOLKES HEATING, COOLING & BURNER SERVICE, INC., et al., Respondents. [790 NYS2d 673]—

In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 26, 2003, which granted the defendants' motion pursuant to CPLR 3126 to dismiss the complaint for failure to comply with court-ordered discovery.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting the motion and substituting therefor a provision granting the motion to the extent of precluding the plaintiffs from presenting evidence of any item of damages for which the plaintiffs have failed to provide copies of cancelled checks or invoices demanded, and in the event the plaintiffs fail to produce check number 0940, further precluding the plaintiffs from presenting evidence that the service call of the defendant Folkes Heating, Cooling & Burner Service, Inc., occurred on January 19, 2000, rather than January 18, 2000, as set forth in its bill for the service call, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to comply with the defendants' outstanding demands for copies of canceled checks, bills, and invoices is extended until 30 days after service upon them of a copy of this decision and order.

Striking a pleading pursuant to CPLR 3126 is a drastic remedy which is warranted where a party's conduct is shown to be willful and contumacious (*see Rowell v Joyce,* 10 AD3d 601 [2004]; *Blake v Chawla,* 299 AD2d 437, 438 [2002]; *Frias v Fortini,* 240 AD2d 467 [1997]). In the instant case, the Supreme Court did not find that the plaintiffs' conduct was willful and contumacious, nor would such a finding be supported by the record. The plaintiffs complied with all of the defendants' discovery demands except the demand for bills or invoices from Orange County Pools relating to the replacement of their swimming pool and copies of cancelled checks which were not in their possession. However, they represented that they had

requested copies of the checks from the issuing bank and were awaiting receipt of those cancelled checks so they could be forwarded to the defendants.

The Supreme Court, in granting the motion to dismiss the action, noted that the plaintiffs' verified bill of particulars was verified by counsel on the ground that the plaintiffs resided in a different county from their counsel's office. This verification was entirely appropriate pursuant to CPLR 3020 (d) (3).

In view of the foregoing, we modify the order appealed from. In the event the plaintiffs do not produce any of the outstanding cancelled checks and the outstanding bills from Orange County Pools within 30 days after service upon them of a copy of this decision and order, they shall be precluded from presenting evidence of damages with respect to that alleged expense. In the event that the plaintiffs fail to produce check number 0940, the plaintiffs shall be precluded from presenting evidence that the service call of the defendant Folkes Heating, Cooling & Burner Service, Inc., was on January 19, 2000, rather than January 18, 2000, as set forth in its bill for the service call. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.