■ SIDNEY G. GREER, JR., Appellant, v JOHN C. GARITO et al., Respondents. [812 NYS2d 602]—

In an action alleging, inter alia, violations of the State and Federal Constitutions arising out of the arrest and prosecution of the plaintiff for violations of the New York Vehicle and Traf-

fic Law, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 20, 2005, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof granting the defendants' motion to dismiss the complaint and substituting therefor a provision denying the defendants' motion on condition that the plaintiff (1) complies with all discovery demands or requests previously made by the defendants, (2) provides the Supreme Court and the defendants' attorneys with an accurate address for the receipt of mail and keeps the defendants advised of his mailing address, and (3) files a note of issue and certificate of readiness; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff shall (1) comply with all discovery demands or requests previously made by the defendants within 45 days of the date of service upon him of a copy of this decision and order, (2) provide the Supreme Court and the defendants' attorneys with an accurate address for the receipt of mail within 10 days of the date of service upon him of a copy of this decision and order, and (3) file a notice of issue and certificate of readiness within 60 days of the date of service upon him of a copy of this decision and order.

Generally, the penalty of striking a pleading is considered an extreme measure available where the failure to comply with discovery is wilful or contumacious (*see Felipe v 2820 W. 36th St. Realty Corp.*, 7 AD3d 483 [2004]; *Avenue C Constr. v Gassner*, 306 AD2d 506 [2003]) and the mere lack of diligence is not a ground for dismissal (*see Postel v New York Univ. Hosp.*, 262 AD2d 40 [1999]). These concepts relate to the principle, which we have noted frequently, that public policy considerations warrant actions being resolved "on their merits whenever possible" (*Jenkins v City of New York*, 13 AD3d 342 [2004]; *see Pascarelli v City of New York*, 16 AD3d 472 [2005]).

In this case, the defendants served their answer in December 2001, along with a notice for the plaintiff's deposition upon oral examination which by its terms required production of certain documents at the plaintiff's deposition. When the defendants' motion to dismiss the complaint was interposed in November 2004, nearly three years after the joinder of issue, the plaintiff had not appeared for his deposition or produced the documents sought by the defendants.

Under the circumstances presented herein, the Supreme Court improvidently exercised its discretion in unconditionally dismissing the plaintiff's complaint. Given the defendants' delay

in making their motion, the inability to accurately locate the plaintiff to effect the 90-day demand to place the case on the calendar, and the absence of any meaningful discovery, once the plaintiff's whereabouts were revealed, the Supreme Court should have provided a means for compelling discovery instead of imposing the draconian measure of unconditional dismissal. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.