■ MILTON B. SHAPIRO, Appellant, v DEBORAH SHAPIRO KURTZMAN, Respondent, et al., Defendants. [820 NYS2d 311]—

In an action, inter alia, to recover the proceeds of certain

loans, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 13, 2004, which granted the motion of the defendant Deborah Shapiro Kurtzman pursuant to CPLR 3126 to strike the pleadings and dismiss the second amended complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

"To invoke 'the drastic remedy of striking a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent' " (*Emanuel v Broadway Mall Props.*, 293 AD2d 708, 709 [2002], quoting *Poulas v U-Haul Intl.*, 288 AD2d 202 [2001]). However, where a party disobeys a court order and by his or her conduct frustrates the disclosure scheme of the CPLR, as the plaintiff did here, dismissal of a pleading is within the broad discretion of the court (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Ritter Found. v Tebele*, 222 AD2d 355 [1995]). Here, the plaintiff's failure to comply with a court order directing disclosure, and his delay in providing responses to the respondent's discovery demands, supported an inference that his failure to provide disclosure was willful and contumacious (*see Emanuel v Broadway Mall Props., supra*). Accordingly, the Supreme Court providently exercised its discretion in dismissing the plaintiff's second amended complaint insofar as asserted against the respondent. Schmidt, J.P., Santucci and Mastro, JJ., concur.

Lifson, J. (concurring in part and dissenting in part and voting to modify the order, on the law and in the exercise of discretion, by deleting the provision thereof granting the motion and substituting therefor a provision granting the motion unless discovery is completed within 60 days; and so modified, to affirm the order, direct that discovery be supervised by a referee appointed by the Supreme Court, Rockland County, and extend the time to comply until 60 days from the service of a copy of this decision and order): The parties to this appeal have a history of litigation related to the contributions and distribution of profits of the five nominal corporate defendants. Concededly, the litigation has been contentious and the discovery has been difficult to expeditiously complete due in part to the breadth and scope of the discovery sought.

On or about August 14, 2002 the respondent served the appellant with interrogatories. The appellant failed to respond, and counsel for the respondent sent letters to the appellant's attorney in December 2002 and March 2003 requesting that answers to the interrogatories be served. The appellant served answers on April 9, 2003.

The respondent's attorney sent letters in April and June 2003 advising the appellant's attorney that the answers were unacceptable and asked the appellant to serve amended answers to the interrogatories. The appellant failed to respond.

On June 19, 2003 the respondent moved to compel the appellant to serve proper responses to specific interrogatories. By order dated October 7, 2003 the Supreme Court granted the motion, finding that the original and supplemental answers to the interrogatories were insufficient. The appellant was given additional extensions, over the objections of the respondent, on October 16, 2003, and again on January 12, 2004.

The appellant's supplemental answers to the interrogatories together with additional records supplementing a previous response were served on February 17, 2004. On February 26, 2004 the respondent's attorney sent a letter to the appellant's attorney stating that the supplemental answers remained insufficient and the records supplied were vague. The respondent received a letter dated March 4, 2004 from the appellant's new attorney in which he requested time to become familiar with the case.

On March 29, 2004 the respondent moved pursuant to CPLR 3126 to strike the pleadings and dismiss the second amended complaint. The Supreme Court granted the motion, and this appeal ensued.

We have repeatedly stated that actions should be resolved on their merits wherever possible (see Kuzmin v Visiting Nurse Serv. of N.Y., 22 AD3d 643 [2005]; Pascarelli v City of New York, 16 AD3d 472 [2005]) and that the granting of a motion to strike pleadings is a drastic remedy which is inappropriate unless the movant clearly shows that the offender's conduct is willful and contumacious (see Kuzmin v Visiting Nurse Serv. of N.Y., supra; Calle v Robert Champeau, Inc., 16 AD3d 535 [2005]).

In the instant case, the parties are involved in extensive litigation of which the instant actions are but one part, involving the delving into numerous records and income flows from several of the family-owned corporate defendants over a long period of time. The appellant was slow to respond to the satisfaction of opposing counsel and the Supreme Court. However, in view of the substantial documentation supplied, the legitimate belief that many of the items had already been provided in a related action and the absence of proof of violation of an explicit conditional order (see Jenkins v City of New York, 13 AD3d 342 [2004]; Henry v Advance Process Supply Co., 11 AD3d 430 [2004]; Mines v American Honda Motors Co., 305 AD2d 271 [2003]), of which there is none in this case, I believe it was an

improvident exercise of the Supreme Court's discretion under the circumstances herein to invoke the ultimate sanction of dismissal (*see Lombardo v St. Francis Hosp. Rehabilitation Servs.,* 16 AD3d 385 [2005]; *Suto v Folkes Heating, Cooling & Burner Serv., Inc.,* 15 AD3d 469 [2005]; *Unanue v Rennert,* 14 AD3d 360 [2005]).