■ MARGARITA GOMES, Individually and as Mother and Natural Guardian of AUSTIN MATTHEW ESPINDOLA, an Infant, et al., Respondents, v VALENTINE REALTY LLC et al., Appellants. [822 NYS2d 2]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered August 3, 2005, which denied defendants' motion to vacate plaintiffs' note of issue and struck defendants' answer for failure to comply with a prior court order, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the note of issue vacated and defendants' answer reinstated.

Defendants substantially complied with Supreme Court's conditional order striking their answer, which required them to

provide certain discovery (*see Henry v Advance Process Supply Co.*, 11 AD3d 430 [2004]). Therefore, the conditional order did not become absolute, and Supreme Court erred in striking defendants' answer (*cf. D'Aloisi v City of New York*, 7 AD3d 750 [2004]).

Supreme Court also erred in denying that aspect of defendants' motion that sought to vacate the note of issue. "At any time, the court . . . may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect" (22 NYCRR 202.21 [e]; *see Simon v City of Syracuse Police Dept.*, 13 AD3d 1228 [2004]). The certificate of readiness contains multiple, material incorrect assertions, including that all discovery was complete. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.