▉ SIDNEY G. GREER, JR., Appellant, v JOHN C. GARITO, as Justice of the Beekman Town Court, Defendant, and JESSICA SEGAL et al., Respondents. [849 NYS2d 779]—In an action, inter alia, alleging violations of the State and Federal Constitutions arising out of the arrest and prosecution of the plaintiff for violations of the Vehicle and Traffic Law, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 1, 2006, which, upon his failure to comply with a decision and order of this Court dated March 21, 2006 (*see Greer v Garito*, 27 AD3d 617 [2006]), granted those branches of the cross motion of the defendants Jessica Segal, Kathy Handkamp, Dutchess County Office of Probation, Dutchess County District Attorney's Office, and Dutchess County Correction Facility, which were for summary judgment dismissing the complaint and to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them, and denied his motion pursuant to CPLR 3124 to compel disclosure.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the cross motion of the defendants Jessica Segal, an Assistant District Attorney, Dutchess County, Kathy Handkamp, Dutchess County Office of Probation, Dutchess County District Attorney's Office, and Dutchess County Correction Facility (hereinafter collectively the County defendants), dated October 9, 2006, which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211. The County defendants demonstrated that the plaintiff failed to comply with a conditional order of this Court dated March 21, 2006 (*see Greer v Garito*, 27 AD3d 617 [2006]), as he did not appear for his rescheduled deposition

and failed to file a note of issue and certificate of readiness. Moreover, the County defendants demonstrated, prima facie, their entitlement to summary judgment dismissing the complaint insofar as asserted against them and the plaintiff failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit or have been rendered academic in light of our determination. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.