■ MILTON B. SHAPIRO, Respondent, v DEBORAH SHAPIRO KURTZMAN, Appellant, et al., Defendants. [855 NYS2d 610]—

In an action, inter alia, to recover the proceeds of certain loans, the defendant Deborah Shapiro Kurtzman appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 2, 2007, as granted the plaintiff's motion for leave to renew his opposition to her motion to dismiss the complaint insofar as asserted against her pursuant to CPLR 3126 as a sanction for failure to make disclosure, which was determined in an order of the same court dated July 12, 2004, and, upon renewal, denied her motion to dismiss the complaint insofar as asserted against her, and (2) from so much of an order of the same court dated June 29, 2007, as, upon reargument, adhered to the determination in the order dated January 2, 2007, and denied that branch of her motion which was to stay all proceedings in the instant action pending the conclusion of an action to recover damages for legal malpractice commenced by the plaintiff against his former attorney

Ordered that the appeal from the order dated January 2, 2007 is dismissed, as it was superseded by the order dated June 29, 2007, made upon reargument; and it is further,

Ordered that the order dated June 29, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In an order dated July 12, 2004 the Supreme Court granted the motion of the defendant Deborah Shapiro Kurtzman to dismiss the complaint insofar as asserted against her pursuant to CPLR 3126 for the plaintiff's failure adequately to respond to interrogatories. This Court affirmed that determination, explaining that "dismissal of a pleading is within the broad discretion of the court . . . , [and that] the plaintiff's failure to comply with a court order directing disclosure, and his delay in providing responses to . . . discovery demands supported an inference that his failure to provide disclosure was willful and contumacious" (*Shapiro v Kurtzman,* 32 AD3d 508, 509 [2006]).

Meanwhile, on or about September 1, 2005 the plaintiff's attorney retired from the practice of law because he had been diagnosed with Alzheimer's disease. Represented by new counsel, the plaintiff moved for leave to renew his opposition to Kurtzman's motion and, upon renewal, for reinstatement of the complaint insofar as asserted against her on the ground that his former attorney was suffering from Alzheimer's disease at the time that Kurtzman moved to dismiss the complaint, and could not properly represent him in opposing the motion. In support of his motion for leave to renew, the plaintiff submitted the affidavit of a board-certified psychiatrist who is also an admitted attorney, who had testified in a number of cases as an expert witness on the issue of competency. In that affidavit, the expert opined that, based upon the functional assessment staging scale developed at the New York University Medical Center's Aging and Dementia Research Center, in the earliest stages of Alzheimer's disease, there are noticeable deficits in demanding job situations.

The Supreme Court, in an order dated January 2, 2007, granted leave to renew, finding that "the mental illness of plaintiff's attorney" rendered inappropriate the dismissal of the complaint insofar as asserted against Kurtzman. Upon renewal, in lieu of dismissal, the Supreme Court imposed a sanction against the plaintiff in the sum of $10,000, and directed the plaintiff to completely respond to the outstanding interrogatories within 60 days. In an order dated June 29, 2007, the Supreme Court, upon granting reargument, adhered to the determination contained in the order dated January 2, 2007. We affirm the order made upon reargument insofar as appealed from.

Initially, the plaintiff had a reasonable justification for his failure to present the new facts earlier, as he was unaware of his former attorney's illness at the time of the original motion to dismiss the complaint insofar as asserted against Kurtzman (*see* CPLR 2221 [e] [3]). Furthermore, in light of the new information presented, the plaintiff's failure to provide disclosure was not willful or contumacious. Accordingly, the Supreme Court providently exercised its broad discretion in granting leave to renew and thereupon denying Kurtzman's motion to dismiss the complaint insofar as asserted against her, and in granting her alternative relief.

Kurtzman's remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.