Khoshayev v Edelstein (2025 NY Slip Op 06312)

Khoshayev v Edelstein

2025 NY Slip Op 06312

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2024-06779
 (Index No. 516081/20)

[*1]Boris Khoshayev, etc., et al., respondents,
v
David M. Edelstein, appellant.

McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for appellant.
Michael N. David, New York, NY (Michael B. Thomas, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman J.), dated March 6, 2024. The order denied the defendant's motion pursuant to CPLR 3126 and 22 NYCRR 202.27 to dismiss the complaint for failure to comply with, among other things, an order of the same court (Rachel E. Freier, J.) dated February 14, 2023.
ORDERED that the order dated March 6, 2024, is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3126 and 22 NYCRR 202.27 to dismiss the complaint is granted to the extent that the plaintiffs are precluded from offering at trial or using in any dispositive motion any material that is the subject of the authorizations set forth in the order dated February 14, 2023, unless the plaintiffs furnish those authorizations that were not previously provided to the defendant within 60 days of the date of service upon the plaintiffs of a copy of this decision and order, and is otherwise denied.
In August 2020, the plaintiffs commenced this action against the defendant, inter alia, to recover damages for medical malpractice. The defendant thereafter moved pursuant to CPLR 3126 and 22 NYCRR 202.27 to dismiss the complaint, contending that the plaintiffs failed to comply with discovery requests by the defendant, including a failure to furnish authorizations as set forth in an order dated February 14, 2023. In an order dated March 6, 2024 the Supreme Court denied the defendant's motion. The defendant appeals.
Contrary to the defendant's contention, there was no order of the Supreme Court directing dismissal of the action pursuant to 22 NYCRR 202.27 (see Guillebeaux v Parrott, 188 AD3d 1017, 1017).
Nonetheless, the Supreme Court should have granted the defendant's motion to the extent of precluding the plaintiffs from offering at trial or using in any dispositive motion certain evidence unless the plaintiffs complied with the outstanding discovery requests. "[CPLR 3126] provides that if any party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders [*2]with regard to the failure or refusal as are just, including dismissing the action" (Bank of Am., N.A. v Castillo, 227 AD3d 760, 761 [internal quotation marks omitted]). The "determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 690 [internal quotation marks omitted]). "[T]he penalty of striking a pleading is considered an extreme measure available where the failure to comply with discovery is wilful or contumacious" (Greer v Garito, 27 AD3d 617, 618). This is because "public policy considerations warrant actions being resolved on their merits whenever possible" (id. [internal quotation marks omitted]). "[T]he nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1107).
Under the circumstances presented, although the plaintiffs failed to provide the authorizations, "the draconian measure of unconditional dismissal" was not warranted (Greer v Garito, 27 AD3d at 619). Nonetheless, the Supreme Court should have provided a means for compelling discovery (see id.; Suto v Folkes Heating, Cooling & Burner Serv., Inc., 15 AD3d 469, 470).
Accordingly, we reverse the order dated March 6, 2024, and conditionally impose a sanction upon the plaintiffs. In the event that the plaintiffs do not produce the authorizations set forth in the order dated February 14, 2023, that were not previously provided to the defendant within 60 days of the date of service upon the plaintiffs of a copy of this decision and order, they shall be precluded from offering at trial or using in any dispositive motion any material that is the subject of those authorizations.
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court