■ NEDRA SPERGEL, Appellant, v. ROBERT SPERGEL, Respondent.— In an action in which plaintiff has been granted a judgment of divorce by the Supreme Court, Queens County, dated March 31, 1969, she appeals from so much of the judgment as (1) directed defendant to pay for support of plaintiff and the parties' infant son, in stated amounts, and (2) denied plaintiff's application for reimbursement of counsel fees paid by her. Judgment modified, on the law and the facts, by increasing the amount to be paid for support and maintenance of plaintiff and the infant son of the parties from $55 per week to $75 per week, to be apportioned $40 per week for plaintiff and $35 per week for the infant son. As so modified, judgment affirmed insofar as appealed from, with costs to appellant. In our opinion, the award for support and maintenance was, on this record, inadequate to the extent indicated. Rabin, Benjamin and Munder, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to affirm the judgment insofar as appealed from.

■ EDWARD A. THORNLOW, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Long Island Rail Road Company appeals from two orders of the Supreme Court, Suffolk County, (1) one entered April 11, 1969, which granted plaintiff's motion to strike out said defendant's answer because of its willful failure to appear for examination before trial and (2) the other entered April 29, 1969, which denied said defendant's motion for "reargument". Order of April 29, 1969 reversed, on the law and the facts, without costs; appellant's motion for renewal, misnamed as one for reargument, granted; order of April 11, 1969 vacated; and plaintiff's said motion granted to the limited extent hereinafter indicated. Appeal from order of April 11, 1969 dismissed, without costs, as academic, in view of the determination herein on the appeal from the order of April 29, 1969. Appellant's motion for "reargument" was actually one for renewal of plaintiff's motion, as it was based upon additional affidavits and exhibits. Hence, we will disregard its misnomer and treat the order denying "reargument" as an appealable order denying renewal of plaintiff's motion (*Matter of Rand* v. *Diamond*, 273 App. Div. 859; *Matter of Lesser* v. *Board of Educ. of City of N. Y.*, 18 A D 2d 388; *Matter of Kornfeld* v. *Wagner*, 15 A D 2d 921). In our opinion, the motion for renewal should have been granted and, upon renewal, the order striking out appellant's answer should have been vacated and plaintiff's motion granted to the limited extent herein indicated. On this record it does not clearly appear that appellant's failure to produce its former employee, Mauceri, for examination was willful and deliberate. Hence, it was an improvident exercise of discretion to impose the drastic sanction of striking out its answer. Under all the circumstances of this case, we find it a fair sanction, and so order, that appellant be precluded from calling Mauceri as a witness at the trial of this action unless he submits to a pretrial examination by plaintiff at least 10 days before the trial. This determination is, of course, without prejudice to any other steps that plaintiff may be advised to take to obtain a pretrial deposition from Mauceri, such as, for example, a motion to have him physically examined by an impartial doctor and a motion to examine him as a witness. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.