■  GARDNER C. McINTOSH et al., Respondents, v FLIGHT SAFETY, INC., Appellant.—In a negligence action to recover for property damage, defendant appeals from three orders of the Supreme Court, Queens County, as follows: (1) an order dated June 24, 1975 which (a) directed it to "produce a witness with knowledge of the facts and circumstances" for further examination before trial and (b) denied the branch of plaintiffs' motion which sought the striking of the answer "at this time, with leave to make a further motion, if necessary, after 30 days"; (2) an order dated September 25, 1975 which struck defendant's answer and directed the entry of judgment in favor of plaintiffs; and (3) an order dated January 23, 1976 which denied its motion for reargument. Appeal from the order dated January 23, 1976 dismissed, without costs or disbursements. No appeal lies from an order which denies a motion for reargument. Orders dated June 24, 1975 and September 25, 1975 reversed, with $50 costs and disbursements, and plaintiffs' motions denied. The record amply and conclusively demonstrates that defendant has no person presently in its employ or under its control who can add any information in addition to that furnished by the employee produced by it at the examination before trial. It was therefore an improvident exercise of discretion for Special Term to invoke the "extreme and drastic penalty" under CPLR 3126 of dismissal of the pleading (see *Cinelli v Radcliffe*, 35 AD2d 829; *Thornlow v Long Is. R. R. Co.*, 33 AD2d 1027; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.04; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126:2, pp 641–642; CPLR 3126:7, pp 646–649). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.