MICHAEL MORANO et al., Appellants, v WESTCHESTER PAVING & SEALING CORP. et al., Defendants, and COLUMBUS CONSTRUCTION CORP. et al., Respondents. [776 NYS2d 83]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 27, 2002, as denied their motion to strike the respective answers of the defendants Columbus Construction Corp. and Dynapac Manufacturing, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Michael Morano allegedly was injured when an asphalt roller, owned by the defendant Columbus Construction Corp. (hereinafter Columbus) and manufactured by the defendant Dynapac Manufacturing, Inc. (hereinafter Dynapac), allegedly malfunctioned and crashed into him. During discovery a former employee of Columbus testified at a deposition that he kept logbooks of any maintenance performed on Columbus's equipment, including the subject roller. However, a current employee of Columbus testified at a deposition that he searched for all maintenance records and only discovered one logbook, which he discarded after ripping out the page pertaining to the subject roller. This page was provided to the plaintiffs.

Dynapac produced a witness for deposition who was unable to answer at least 10 questions concerning the subject roller. In

opposition to the plaintiffs' motion to strike its answer, Dynapac submitted an affidavit in which its president averred that it had no employee with more knowledge than the witness that was produced. In denying the plaintiffs' motion to strike the respective answers of Columbus and Dynapac, the Supreme Court precluded Columbus from introducing at trial any records of the subject roller that had not been provided to the plaintiffs, and permitted the plaintiffs to seek an instruction that the jury draw an adverse inference against Columbus if it found that Columbus failed to produce documents within its control or destroyed critical evidence.

CPLR 3126 provides that a court may, in its discretion, impose a wide range of penalties upon a party that "refuses to obey an order for disclosure" or "wilfully fails to disclose information which the court finds ought to have been disclosed." The penalties set forth by the statute include: (1) deciding the disputed issue in favor of the prejudiced party, (2) precluding the disobedient party from producing evidence at trial on the disputed issue, or (3) striking the pleadings of the disobedient party.

While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters of discretion (*see Birch Hill Farm v Reed*, 272 AD2d 282 [2000]), "the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Kubacka v Town of N. Hempstead*, 240 AD2d 374, 375 [1997] [internal quotation marks omitted]; *see Frias v Fortini*, 240 AD2d 467 [1997]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to strike the answers of Columbus and Dynapac. The plaintiffs did not clearly show that Columbus failed to comply with their demands for maintenance records or that, if it did, such failure was willful, contumacious, or in bad faith. In any event, the sanction imposed by the Supreme Court was appropriate. Moreover, the record conclusively demonstrated that Dynapac had no person in its employ or under its control who could add any information to that furnished by the employee produced at the deposition (*see McIntosh v Flight Safety*, 54 AD2d 559 [1976]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.