■ MILAGROS MENDEZ, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents, and VARSITY TRANSIT, INC., Respondent-Appellant. (And a Third-Party Action.) [778 NYS2d 501]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 21, 2003, as denied that branch of her cross motion which was pursuant to CPLR 3126 to strike the answer of the defendants City of New York and Board of Education of the City of New York for failure to comply with discovery requests, and the defendant Varsity Transit, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion pursuant to CPLR 3126 which was to strike the answer of the defendants City of New York and Board of Education of the City of New York for failure to comply with court orders directing disclosure and denied its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof denying those branches of the motion of the defendant Varsity Transit, Inc., and the plaintiff's cross motion, which were to strike the answer of the defendants City of New York and Board of Education of the City of New York, and substituting therefor provisions granting those branches of the motion and cross motion, striking the answer of the defendants City of New York and Board of Education of the City of New York, and severing the action against the defendant Varsity Transit, Inc.; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, and the matter is remitted to Supreme Court, Kings County, for an inquest on damages.

Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may, inter alia, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (*see Herrera v City of New York*, 238 AD2d 475 [1997]), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]).

The Supreme Court improvidently exercised its discretion in denying those branches of the motion of the defendant Varsity Transit, Inc. (hereinafter Varsity), and the plaintiff's cross motion which were to strike the answer of the defendants City of New York and Board of Education of the City of New York (hereinafter collectively the City). The City's willful and contumacious conduct can be inferred from its repeated failure to comply with court orders directing disclosure, and the inadequate excuses offered for its default (*see Espinal v City of New York*, 264 AD2d 806 [1999]). Thus, Varsity and the plaintiff satisfied their initial burdens of proving willfulness, shifting the burden to the City to demonstrate a reasonable excuse for its default (*see Espinal v City of New York, supra*). Although the City offered a reasonable, albeit late, excuse for its failure to provide certain documentation regarding the criminal records of the third-party defendant, Freddie McEachern, at no time did it offer a reasonable excuse for its repeated failures to comply with the remainder of outstanding discovery demands and court orders directing disclosure and the production of a witness for a deposition. Accordingly, since those branches of Varsity's motion and the plaintiff's cross motion which were to strike the City's answer should have been granted, we remit the matter to the Supreme Court, Kings County, for an inquest on damages.

Varsity also argues that the Supreme Court erred in denying its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We disagree. The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of his or her employment (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Riviello v Waldron*, 47 NY2d 297, 302 [1979]). Since the determination of whether an employee's actions fall within the scope of employ-

ment depends heavily on the facts and circumstances of the particular case, the question is ordinarily for the jury (*see Riviello v Waldron, supra* at 302-303). There are issues of fact as to whether the nonparty-bus matron acted within the scope of her employment during the alleged assaults on the plaintiff.

Furthermore, Varsity failed to sustain its initial burden of demonstrating its entitlement to summary judgment dismissing the plaintiff's causes of action to recover damages for negligent hiring insofar as asserted against it because it submitted no proof to establish that it was not negligent in hiring the employees involved in the incident (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Accordingly, Varsity's motion for summary judgment was properly denied. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.