■ TOMO RAZMILOVIC et al., Respondents, v THOMAS DOWD et al., Appellants. [789 NYS2d 191]—

In an action to recover damages for breach of contract, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated December 8, 2003, as granted their motion to strike the complaint only to the extent of precluding the plaintiffs from testifying at trial "or presenting any other evidence," and (2) from an order of the same court dated February 3, 2004, which amended the order dated December 8, 2003 by deleting the words "or presenting any other evidence."

Ordered that the order dated December 8, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 3, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 for failure to comply with discovery is within the trial court's discretion (*see Mendez v City of New York,* 7 AD3d 766, 767 [2004]; *Morano v Westchester Paving & Sealing Corp.,* 7 AD3d 495, 496 [2004]). However, it is an improvident exercise of discretion to strike a pleading where the failure to comply with discovery is not the result of willful and contumacious conduct (*see Mendez v City of New York, supra* at 767; *Morano v Westchester Paving & Sealing Corp., supra* at 496).

Under the circumstances of this case, the trial court providently exercised its discretion in granting the defendants' mo-

tion to strike the complaint only to the extent of precluding the plaintiffs from testifying at trial. While the plaintiffs relocated to England and failed to return for their scheduled depositions as required by the preliminary conference order, the defendants failed to demonstrate that the plaintiffs repeatedly violated discovery orders, or moved out of the country to avoid depositions. Cozier, J.P., S. Miller, Santucci, Smith and Fisher, JJ., concur.