■ STACIE CORSO, Respondent, v STATE OF NEW YORK, Appellant. [900 NYS2d 883]—In a claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Nadel, J.), dated May 18, 2009, which, upon a decision of the same court dated April 7, 2009, made after a nonjury trial on the issue of liability, finding it 75% at fault in the happening of the accident and the claimant 25% at fault, is in favor of the claimant and against it.

Ordered that the interlocutory judgment is affirmed, with costs.

The nature and degree of a penalty to be imposed pursuant to CPLR 3126 for failure to comply with discovery is within the trial court's discretion (*see Razmilovic v Dowd*, 14 AD3d 546 [2005]). Under the circumstances, the Court of Claims providently exercised its discretion in sanctioning the defendant pursuant to CPLR 3126 (2) by precluding a particular defense witness from testifying at the trial (*cf. Shmueli v Corcoran Group*, 29 AD3d 309, 309-310 [2006]; *Vigilant Ins. Co. v Barnes*, 199 AD2d 257 [1993]).

In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge

had the advantage of seeing the witnesses (see *Northern West-chester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Hynes v State of New York*, 301 AD2d 628 [2003]). Here, although the defendant contends that the Court of Claims should have assigned a higher percentage of fault to the plaintiff with respect to the happening of the accident, we find no reason to disturb the Court of Claims' apportionment of fault. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur. **[Prior Case History: 23 Misc 3d 1132(A), 2009 NY Slip Op 51053(U).]**