■ MICHAEL TODRES, as the Executor of SARAH CARTER COLLYER, Deceased, Respondent-Appellant, v W7879, LLC, et al., Appellants-Respondents. [26 NYS3d 698]—

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 10, 2014, against defendants in plaintiff's favor, unanimously modified, on the law, to reduce the principal amount awarded to plaintiff (before the setoff from plaintiff to defendants) from $131,042.94 to $2,618, to adjust the interest calculation and total amount awarded accordingly, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly. Appeal from decision, same court and Justice, entered October 3, 2014, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff waited until his reply brief on his cross appeal to make the legal argument that the court should have precluded two defense witnesses from testifying at trial. This argument is made too late (*see e.g. Schultz v 400 Coop. Corp.*, 292 AD2d 16, 21 [1st Dept 2002]). Were we to consider it, we would find that it was not an improvident exercise of the court's discretion to allow those witnesses to testify (*see* CPLR 3101 [h]). Unlike the precluded witness in *Corso v State of New York* (23 Misc 3d 1132[A], 2009 NY Slip Op 51053[U], *3-4 [Ct Cl 2009], *affd* 73 AD3d 1116 [2d Dept 2010]), the witnesses in the case at bar were not under defendants' control.

Based on the evidence that was properly admitted, and given the deference due to the trial court (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]), the court properly found that defendants did not engage in a "fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization" (*Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 367 [2010]; *see Matter of Boyd v New York State Div. of Hous. & Community Renewal*, 23 NY3d 999 [2014]). Having so found, however, the court should not have looked at "the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action" (CPLR 213-a). In addition, the court should not have awarded treble damages (*see Borden v 400 E. 55th St. Assoc., L.P.*, 24 NY3d 382, 398 [2014]).

Neither plaintiff nor defendants are entitled to recover attorneys' fees.

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.