■ Susan Stulz et al., Appellants, v 305 Riverside Corp., Respondent. [56 NYS3d 46]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered February 26, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As a result of the Court of Appeals decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]), a tenant is entitled to rent-stabilized status for the duration of the tenancy and to collect any rent overcharges, where an apartment was improperly deregulated at a time when the landlord was receiving J-51 benefits (*see 72A Realty Assoc. v Lucas*, 101 AD3d 401, 401-402 [1st Dept 2012]).

It was undisputed that defendant received J-51 benefits and deregulated plaintiff's apartment in 2001, based on individual apartment improvements (IAIs). Defendant's answer conceded the improper decontrol, which was based on the Division of Housing and Community Renewal's then policy, and it reimbursed plaintiffs for the overcharges, utilizing the rent on the base date of four years prior to the filing of the complaint to compute the overcharges (CPLR 213-a).

Plaintiffs argue that substantial indicia of fraud by defendant post-*Roberts* and in connection with the IAIs permitted them to utilize the last legal rent paid by a rent-stabilized tenant in the apartment for the calculation of the current legal rent and overcharges (*see Altschuler v Jobman 478/480, LLC.,* 135 AD3d 439, 440 [1st Dept 2016], *lv dismissed* 28 NY3d 945 [2016]).

The court properly disregarded the claimed evidence of fraud by defendant post-*Roberts* as irrevelant, and the record does not reflect evidence sufficient to raise a question of fact as to defendant's stated reliance on DHCR's policy in decontrolling the apartment (*see Todres v W7879, LLC,* 137 AD3d 597, 598 [1st Dept 2016], *lv denied* 28 NY3d 910 [2016]). Defendant

provided a construction contract, cancelled checks, and the testimony of the contractor to substantiate the IAIs.

Dismissal of the declaratory judgment and injunctive relief causes of action was appropriate as these claims were moot (*see Amherst & Clarence Ins. Co. v Cazenovia Tavern*, 59 NY2d 983, 984 [1983]). The court did not improvidently exercise its discretion in denying plaintiffs' claim for attorneys' fees, based on a finding that defendant's conduct was not willful.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.