JJ & R Chiropractic, P.C., as Assignee of Yvonn Alexis, Respondent, 
against
Interboro Mutual Indemnity Insurance, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for appellant.
Law Offices of Mandell and Santora (Michael J. Rago, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered September 29, 2015. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant answered the complaint and served demands for discovery, including a notice to take the deposition of plaintiff. Upon plaintiff's failure to appear, defendant moved to, among other things, compel plaintiff's treating doctor to attend a deposition or to preclude plaintiff from offering evidence at trial. By order entered April 20, 2015, the Civil Court, insofar as is relevant to this appeal, found that, upon plaintiff's establishment of a prima facie case, the sole issues for trial would be limited to the medical necessity of the services rendered and whether the claims had been properly billed in accordance with the workers' compensation fee schedule. The court directed defendant to serve another notice of deposition and stated that plaintiff's failure to appear would result in the preclusion of testimony at trial with respect to medical necessity and the fee schedule. Defendant did not appeal from the order entered April 20, 2015. Thereafter, defendant moved, pursuant to CPLR 3126 (3), to dismiss the complaint on the ground that plaintiff had failed to comply with the demand for a deposition. Plaintiff opposed the motion and argued that the prior order of the Civil Court had not provided for dismissal of the complaint as a penalty for noncompliance. Defendant appeals from so much of an order of the Civil Court entered September 29, 2015 as denied defendant's motion to dismiss the complaint. The order also precluded plaintiff from offering testimony at trial pertaining to the medical necessity of the services rendered and whether the services had been billed in accordance with the workers' compensation fee schedule.
While defendant argues that the complaint should have been dismissed, " a trial court is [*2]given broad discretion to oversee the discovery process' " (Maiorino v City of New York, 39 AD3d 601, 601 [2007], quoting Castillo v Henry Schein, Inc., 259 AD2d 651, 652 [1999]). The determination of the nature and degree of the penalty to be imposed pursuant to CPLR 3126 for failing to comply with an order compelling disclosure lies within the discretion of the motion court (see Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Morano v Westchester Paving & Sealing Corp., 7 AD3d 495 [2004]; Jaffe v Hubbard, 299 AD2d 395 [2002]). The motion court's determination of whether to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR, and the terms and conditions of any sanctions imposed, should not be disturbed on appeal absent an improvident exercise of discretion (see Savin v Brooklyn Mar. Park Dev. Corp., 61 AD3d 954 [2009]). 
Upon a review of the record before us, we find that the Civil Court did not improvidently exercise its discretion in declining to dismiss the complaint and, instead, precluding plaintiff's testimony at trial with respect to the medical necessity of the services rendered and whether the claims had been properly billed in accordance with the workers' compensation fee schedule (see CPLR 3126 [2]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2017