Raden v W 7879, LLC (2018 NY Slip Op 05799)





Raden v W 7879, LLC


2018 NY Slip Op 05799


Decided on August 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 16, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6755N 111725/10 6754

[*1] Joel Raden, et al., Plaintiffs-Appellants,
v
W 7879, LLC, et al., Defendants-Respondents.


Collins, Dobkin & Miller LLP, New York (Seth A. Miller of counsel), for appellants.
Kucker & Bruh, LLP. New York (Nativ Winiarsky of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered January 25, 2018, awarding plaintiffs damages for rent overcharges, affirmed, without costs. Appeal from order, same court and Justice, entered March 7, 2016, which confirmed the special referee's report, dismissed, without costs, as subsumed in the appeal from the judgment.
In 2010, pursuant to Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), defendants determined that plaintiffs' previously rent-stabilized apartment had been improperly deregulated and that plaintiffs were entitled to a rent adjustment and a rent overcharge payment. Defendants calculated the overcharge according to Rent Stabilization Code (9 NYCRR)
§ 2526.1, which provides that "[t]he legal regulated rent for purposes of determining an overcharge shall be deemed to be the rent charged on the base date, plus in each case any subsequent lawful increases and adjustments" (subd [a][3][i]), and that "no determination of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the [overcharge] complaint is filed" (subd [a][2]). Defendants chose May 1, 2010 as the date on which plaintiffs would be deemed to have filed a claim for overcharges, in the absence of any such claim having been filed, and then used these 2526.1(a) standards to fix the base date for determining the overcharge as May 1, 2006, the date four years before they undertook their review. Defendants then reduced plaintiffs' rent and forwarded payment to them for the overcharges so reflected. In June 2010 defendants filed registrations for the years 2006, 2007, 2008 and 2009 in accordance with these recalculations.
Plaintiffs then brought the instant action seeking declaratory relief, additional overcharges, treble damages and attorneys' fees. After denying defendants' motion for summary judgment dismissing the complaint, Supreme Court referred the matter to a special referee to hear and report, directing the referee to calculate the legal rent under the DHCR regulations, calculate the overcharges, determine whether defendants had willfully registered an illegal rent, and, in the absence of finding fraud or willfulness, apply the four-year statute of limitations to the overcharge claim.
After holding a hearing, the special referee issued a thorough report, concluding that defendants had not engaged in any fraud in deregulating the apartment, so that the look-back period was limited to four years, and that no willfulness had been shown in the deregulation, so that plaintiffs were not entitled to treble damages or attorneys' fees, and determined the stabilized rent and the amount of the overcharge accordingly. The referee found that setting the free market base date rent in May 2006 was a reliable method of establishing the stabilized rent and that further look-back was inappropriate, because every lease renewal stated that the apartment was not rent-stabilized and defendants could not have anticipated Roberts, which was contrary to industry practice at the time.
Supreme Court confirmed the report and entered judgment accordingly.
As we have explained in Matter of Regina Metropolitan Co., LLC v New York State Div. of Hous. & Community Renewal
(__ AD3d __ [1st Dept 2018] [decided simultaneously herewith), 9 NYCRR 2526.1(a)(2)(ii) and CPLR 213-a are "categorical in barring any examination of a unit's rental history beyond the four-year limitations period," with the sole exception being cases in which there is evidence that the landlord committed fraud in order to avoid the regulatory scheme (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366 [2010]).
In Todres v W7879, LLC (137 AD3d 597 [1st Dept 2016], lv denied 28 NY3d 910 [2016]), we considered the very building involved in this case and upheld a determination that this same landlord had not engaged in a fraudulent scheme to remove an apartment from the rent stabilization program and had not acted with willfulness. We therefore modified the ruling of Supreme Court to deny treble damages and to conclude that CPLR 213-a precluded examination of the rental history before the four-year period immediately preceding the filing of the action to recover overcharges.
The same result should obtain here. We choose to follow our prior ruling to the same effect in Stulz v 305 Riverside Corp.
(150 AD3d 558 [1st Dept 2017]), lv denied 30 NY3d 909 [2018]) rather than our decision in Taylor v 72A Realty Assoc., L.P. (151 AD3d 95, 105 [1st Dept 2017), for the reasons stated in Regina Metropolitan __ AD3d __, supra.
All concur except Richter, J. who dissents in a memorandum as follows:




RICHTER, J. (dissenting).


I respectfully dissent. I would reverse the judgment and remand the matter for a recalculation of the rent overcharge in accordance with Taylor v 72A Realty Assoc., L.P. (151 AD3d 95 [1st Dept 2017]), for the reasons explained in both Taylor and the dissent in Matter of Regina Metropolitan Co., LLC v New York State Div. of Hous. & Community Renewal (__ AD3d __ [1st Dept 2018]) ([decided simultaneously herewith]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 16, 2018
CLERK