Matter of Hefti v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 05022)

Matter of Hefti v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 05022

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 158290/22 Appeal No. 2768-2769 Case No. 2023-04790, 2024-00198 

[*1]In the Matter of Susan Kathryn Hefti, Petitioner-Appellant,
v
New York State Division of Housing & Community Renewal, et al., Respondents-Respondents. 

Susan Kathryn Hefti, appellant pro se.
Mark F. Palomino, General Counsel, New York (Dawn Ivy Schindelman of counsel), for New York State Division of Housing & Community Renewal, respondent.
SKH Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for 93rd Building Corp., respondent.

Judgment (denominated an order), Supreme Court, New York County (Lisa S. Headley, J.), entered August 28, 2023, (1) denying the petition to vacate or annul an August 2, 2022 determination of respondent New York State Division of Housing and Community Renewal (DHCR), which denied petitioner's petition for administrative review (PAR) and affirmed a determination of the Rent Administrator finding that, among other things, petitioner's landlord did not engage in a fraudulent scheme to deregulate petitioner's apartment; (2) declining to issue petitioner an overcharge award and treble damages; and (3) dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 30, 2023, which, to the extent appealable, denied petitioner's motion for leave to renew unanimously affirmed, without costs.
The court properly concluded that DHCR's determination denying the PAR was not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). Based on the evidence submitted, DHCR had a rational basis to conclude that the landlord did not engage in a fraudulent scheme to deregulate and for calculating the legal regulated rent in the manner which it did. Contrary to petitioner's contention, DHCR also had a rational basis for relying on the legal regulated rent set in a 2005 order resulting from the prior tenant's overcharge complaint and declining to look back any further. In any event, the mere fact of a rent increase in 2001, without more, was insufficient to establish a fraudulent scheme to deregulate (see Hess v EDR Assets LLC, 217 AD3d 542, 543 [1st Dept 2023]), and we reject petitioner's attempts to collaterally attack the 2005 order in this article 78 proceeding (see Matter of Jemrock Realty Co. v Roldan, 256 AD2d 122, 123 [1st Dept 1998]).
We also find that petitioner failed to establish that DHCR improvidently exercised its discretion in declining to award costs or attorney fees (see 9 NYCRR 2526.1[d]; Administrative Code of City of NY § 26-516[a][4]; Matter of Waverly Assoc. v New York State Div. of Hous. & Community Renewal, 12 AD3d 272, 275 [1st Dept 2004]). Petitioner represented herself in these proceedings, including in filing this petition, there was no finding of fraud, any potential overcharge was minimal, and DHCR did not issue petitioner an overcharge award. Further, treble damages were properly denied in light of the fact that DHCR concluded that the landlord had not engaged in a fraudulent scheme to deregulate (see Todres v W7879, LLC, 137 AD3d 597 [1st Dept 2016], lv denied 28 NY3d 910 [2016]).
As for petitioner's due process arguments, the record establishes that while DHCR did not formally respond to petitioner's request for additional time, DHCR provided petitioner adequate time to secure counsel, submit a response before rendering its [*2]determination and an opportunity to be heard in a meaningful manner (see generally Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]). We have also considered and rejected petitioner's arguments about DHCR's alleged procedural deficiencies upon remand.
Finally, the denial of petitioner's motion for leave to reargue is not appealable and, as to the renewal, petitioner failed to establish that the court improvidently exercised its discretion in denying the leave to renew motion (CPLR 2221[e]; see also Matter of Yu Chan Li v New York City Landmarks Preserv. Commn., 182 AD3d 478, 479 [1st Dept 2020] lv dismissed 36 NY3d 927 [2020]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024